# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| DERRICK R. SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:16-CV-89 SNLJ |
| | ) | |
| REGINA BEGGS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff, a prisoner, seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. Having reviewed plaintiff's financial information, the Court assesses a partial initial filing fee of $2.00, which is twenty percent of his average monthly deposit. *See* 28 U.S.C. § 1915(b). Additionally, this case is dismissed.

## Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted.

To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief [is] a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

An action is malicious when it contains allegations which the plaintiff knows to be false, is a part of a longstanding pattern of abusive and repetitious lawsuits, or contains disrespectful or abusive language. *See In re Tyler*, 839 F.2d 1290, 1293 (8th Cir. 1988).

## The Complaint

Plaintiff is incarcerated at the Southeast Correctional Center ("SECC"), and defendants are officials there. He sues defendants in their individual capacities.

Plaintiff's allegations arise from the Court's appointment of counsel, Andrea Zimmerman, to represent him in *Smith v. Wallace*, No. 1:14-CV-146 SNLJ, in which he alleges deliberate indifference to his serious medical needs. In that case, plaintiff accused Ms. Zimmerman of sending him pornography. He also complained that Ms. Zimmerman did not contact him enough, although he admitted that he refused a phone call from her. The Court has allowed Ms. Zimmerman to withdraw from the case because of plaintiff's false and malicious allegations.

In this case, plaintiff alleges that defendant Matthew Short found "21 printed color pictures of penetration pornography hidden within 4 sheets of legal material addressed from Andrea Zimmerman law firm." Defendant Rod Emerson interviewed plaintiff about the pornography.

Plaintiff received a conduct violation and was placed in administrative segregation. He says that defendants Regina Beggs, Unknown Holsten, Dwayne Kempker, and Paula Reed denied his grievances.

Plaintiff says he "challenges censorship regulations which authorized staff prison official mailroom Supervisor K. Hampton" to reject photographs sent to him containing images of Ms. Zimmerman, "as well as possible alternatives of African-American attorneys." He says the photos were taken from their websites and were sent to him by Angelika Mueller-Rowry, a member of the Citizens United for Rehabilitation of Errants ("CURE"). He claims that the censorship regulations prohibit prisoners from receiving photographs that are not separate from written materials, and he believes the policy violates his First Amendment rights.

Plaintiff alleges that he has been subject to retaliation for speaking out against prison conditions. However, these allegations are entirely conclusory.

## Discussion

The complaint is malicious. Plaintiff is attempting to blame Ms. Zimmerman for his possession of pornography, which is patently false. Clearly, he attempted to conceal his pornography inside his legal paperwork. The Court appointed Ms. Zimmerman to represent him because it knows her to be an ethical and effective litigator. The Court will not allow plaintiff to proceed in a case where the allegations are based on information he knows to be false. Therefore, the case must be dismissed.

Moreover, the allegations in the complaint fail to state a claim upon which relief can be granted. Plaintiff does not allege that defendant Hampton exercised discretion in censoring his mail. Instead, he challenges the prison policy that required her to do so. And there are no non-conclusory allegations that the remaining defendants were directly involved in the alleged violations of his rights. *See George v. Smith*, 507 F. 3d 605, 609 (7th Cir. 2007) ("Only persons who cause or participate in the [constitutional] violations are responsible. Ruling against a

prisoner on an administrative complaint does not cause or contribute to the violation."). As a result, the complaint is dismissed under 28 U.S.C. § 1915(e).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff must pay an initial filing fee of $2.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.[1]

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice.

An Order of Dismissal will be filed separately.

Dated this 6<u>th</u> day of June, 2016.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Prisoners must pay the full amount of the $350 filing fee. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner will deduct the payments and forward them to the Court each time the amount in the account exceeds $10. 28 U.S.C. § 1915(b)(2).